**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | | |
|---|---|---|
| Kadrin R. Singleton, PETITIONER, | ) | Case No. 1:26-cv-01255-BHH-MGB |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| Warden Bailey, RESPONDENT. | ) | |

Petitioner Kadrin R. Singleton, appearing *pro se*, has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254. On June 24, 2026, Respondent filed a Motion for Summary Judgment. (Dkt. No. 26.) On June 29, 2026, this Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 27.) Petitioner's response was due by July 30, 2026, and he failed to respond. (*Id.*)

As such, the Court entered an Order on August 5, 2026 allowing Petitioner additional time to respond and advising Petitioner that his claims would be subject to dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982), if he failed to respond by the extended deadline. (Dkt. No. 32.) The Court noted that any such dismissal would be considered an adjudication on the merits, i.e., *with prejudice*. (*Id.*) Petitioner's response was due by August 25, 2026, and he has again failed to respond. (*Id.*)

Based on the foregoing, it appears the Petitioner no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution

and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

**IT IS SO RECOMMENDED**.

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

September 1, 2026
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).