IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kadrin R. Singleton,<br><br>Petitioner,<br><br>v.<br><br>Warden Bailey,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:26-cv-1255-BHH<br><br>**ORDER** |

This matter is before the Court upon Petitioner Kadrin R. Singleton's ("Petitioner") *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) On June 24, 2026, Respondent filed a motion for summary judgment. (ECF No. 26.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

Because Petitioner is proceeding *pro se*, the Magistrate Judge issued an order on June 29, 2026, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedure and the possible consequences for failing to respond to the motion by March 12, 2026. (ECF No. 27.) Petitioner's response was due by July 30, 2026, but he failed to file a response.

Thus, on August 5, 2026, the Magistrate Judge issued another order instructing Petitioner to respond and advising him that his claims would be subject to dismissal if he failed to respond. (ECF No. 32.) Petitioner again failed to file a response.

Accordingly, on September 1, 2026, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court dismiss this matter based on Petitioner's failure to prosecute and for failure to comply with the

Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record and the findings of the Magistrate Judge for clear error. After review, the Court finds no clear error and fully agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 37), and the Court dismisses this matter with prejudice for failure to prosecute and for failure to comply with the Court's orders pursuant to Rule 41(b) of the Federal Rules of Civil**

**Procedure.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

September 22, 2026
Charleston, South Carolina

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.